NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| | : | |
| SHAWN BARBER, | : | |
| | : | |
| Petitioner, | : | Civil Action No. 13-3118 (RMB) |
| v. | : | |
| | : | |
| J. HOLLINGSWORTH, | : | **OPINION** |
| | : | |
| Respondent. | : | |
| | : | |

This matter comes before the Court upon the Court's review of the submissions made in this action and of Petitioner's record available on the website of the Bureau of Prisons ("BOP"). For the reasons detailed below, this matter will be dismissed as moot. However, the Court will retain jurisdiction over this action to ensure Petitioner's opportunity to advise this Court of his circumstances if they differ from those in the BOP record.

On May 16, 2013, Petitioner commenced the proceedings at bar by submitting a habeas petition ("Petition") executed pursuant to 28 U.S.C. § 2241. See Docket Entry No. 1. The Petition arrived unaccompanied by Petitioner's filing fee or his application to proceed in this matter in forma pauperis. See id. When this Court notified Petitioner of his obligation to prepay the filing fee or to duly obtain in forma pauperis status, see Docket Entry No. 2, Petitioner submitted his filing fee. See Docket Entry dated June 3, 2013.

The Court then directed Respondent to answer the Petition, which challenged, under the Second Chance Act, Pub. L. No. 110-199 (Apr. 9, 2008), the BOP's denial of Petitioner's transfer to a community correctional center ("CCC") on an earlier date. See Docket Entries Nos. 1 and 4. Respondent duly complied, and Petitioner traversed.[1] See Docket Entries Nos. 6 and 7.

This Court's review of the BOP online record, conducted upon receipt of the answer and traverse, indicated that Petitioner, who is subject to release from custody on January 17, 2014, see

---

[1] Respondent argued that Petitioner's challenges were not exhausted administratively and, in any event, substantively meritless. See Docket Entries Nos. 6, 6-1 and 6-2. Petitioner's traverse indicated his conflation of two distinct and different challenges into one claim, since he asserted that his expulsion from a Residential Drug Abuse Treatment Program ("RDAP") caused him to lose a potential benefit he could have earned upon completion of the RDAP (which, if earned, could have rendered him eligible for a transfer to a CCC on an earlier date). See Docket Entry No. 7. Petitioner's Second Chance Act claim raised in his Petition and his RDAP challenge raised in his traverse, cannot be adjudicated in the same habeas matter. Rather, upon due exhaustion, these two distinct claims had to be raised in two different petitions, since each presents a challenge to a different administrative finding, one dealing with denial of re-enrollment into the RDAP and another addressing the denial of transfer to a CCC. See 28 U.S.C. § 2254 Rule 2(e) (applicable to § 2241 matters through Habeas Rule 1(b)); see also Muniz v. Zickefoose, 2011 U.S. Dist. LEXIS 115766, at *13 (D.N.J. Sept. 30, 2011), aff'd, 460 F. App'x 165 (3d Cir. 2012). Moreover, Petitioner's new challenges, including his RDAP claim, could not be raised in the traverse. See, e.g., Bell v. City of Phila., 275 F. App'x 157, 160 (3d Cir. 2008) (a litigant cannot plead claims in any non-pleading document, be it moving papers, an opposition to a motion or the litigant's traverse); Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) (same); Veggian v. Camden Bd. of Educ., 600 F. Supp. 2d 615, 628 (D.N.J. 2009) (same).

http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=IDSearch
&needingMoreList=false&IDType=IRN&IDNumber=23253-016&x=70&y=11,
has already been transferred to a CCC, namely, to a Community
Corrections Office in Washington, DC.  See id.; see also http://
www.bop.gov/DataSource/execute/dsFacilityAddressLoc?start=y&facil
ityCode=cdc.

Therefore, if the BOP records are correct, Petitioner's
Second Chance Act claim raised in the Petition has become moot.
Article III of the United States Constitution empowers federal
courts to exercise their judicial power only over actual cases
and controversies.  See North Carolina v. Rice, 404 U.S. 244, 246
(1971).  Federal courts therefore have no authority "to decide
questions that cannot affect the rights of litigants in the case
before them."  Id.  This core limitation "subsists through all
stages of federal judicial proceedings, trial and appellate."
Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).
Hence, any time that the parties to a case come to "lack a
legally cognizable interest in [its] outcome," the case is deemed
moot and must be dismissed for lack of jurisdiction.  See Murphy
v. Hunt, 455 U.S. 478, 481, 484 (1982); accord Shalhoub v. AG of
the United States, 473 F. App'x 114, 116 (3d Cir. 2012).  Indeed,
if there is no meaningful relief that can be granted to a
litigant in satisfaction of his claims, he lacks this requisite

interest.  See Calderon v. Moore, 518 U.S. 149, 150 (1996);

Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993).

Having already transferred to a CCC, Petitioner no longer

has a viable controversy based on denial of such transfer.[2]

Thus, his Second Chance Act claim is subject to dismissal for

lack of jurisdiction, as moot.

Being mindful of the possibility that the BOP electronic

records might contain an inadvertent error, however, this Court

finds it prudent to retain temporary jurisdiction over this

matter to allow Petitioner an opportunity to notify this Court

if, in actuality, he has not been transferred to a CCC or to a

facility structurally analogous to a CCC in terms of its custody

level.  See Ganim v. Fed. Bureau of Prisons, 235 F. App'x 882,

(3d Cir. 2007) (relying on Woodall v. Fed. Bureau of Prisons, 432

F.3d 235 (3d Cir. 2005), and Pischke v. Litscher, 178 F.3d 497

(7th Cir. 1999), for the observation that § 2241 jurisdiction is

present only in those challenges to denial of transfer where the

sought transfer necessarily entails "a quantum change in the

level of custody," as is in a transfer from a prison to a CCC).

Hence, if Petitioner makes a timely submission averring that he

has not been transferred to a CCC, this Court will address his

---

[2] Habeas relief is, by definition, of injunctive nature, and monetary damages are not available in habeas corpus.  See Preiser v. Rodriquez, 411 U.S. 475, 494 (1973).  Thus, Petitioner's release to a CCC, if it took place, has extinguished his claims.

Second Chance Act challenges on the merits, by reflecting on Petitioner's claims as set forth in his Petition and on Respondent's answer and exhibits.  Petitioner's RDAP claim will be dismissed under Habeas Rule 2(e) without prejudice to being raised in a new and separate petition upon Petitioner's meeting the exhaustion requirement.

An appropriate Order follows.[3]


s/Renée Marie Bumb
**RENÉE MARIE BUMB,**
**United States District Judge**

Dated: October 18, 2013

---

[3] Petitioner's RDAP challenges, if such were intended, will be dismissed without prejudice to being raised in a new and separate § 2241 petition.  The Court takes this opportunity to remind Petitioner of his obligation to meet the administrative exhaustion requirement.